**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK**

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

John Doe,

<table>
<tr><td></td><td></td></tr>
</table>

|  |  |
|---|---|
| Plaintiff, | Case No: |
|  | 2:25-cv-4100 (DLI) (ARL) |
| - against - |  |
|  | **MEMORANDUM OF LAW** |
| Life Time, Inc. f/k/a Life Time Fitness, Inc. d/b/a | **IN SUPPORT OF** |
| Life Time Fitness Club, LTF Club Management | **PLAINTIFF'S MOTION** |
| Company, LLC d/b/a Life Time Fitness, LTF | **REQUESTING LEAVE FOR** |
| Operation Holdings, Inc., LTF Club Operations | **PLAINTIFF TO PROCEED** |
| Company, Inc. d/b/a Life Time Fitness, Ahmed | **PSEUDONYMOUSLY** |
| Doe, and Jack Doe, |  |
|  |  |
| Defendants. |  |

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

Plaintiff, proceeding pseudonymously as JOHN DOE ("Plaintiff"), through his attorneys,

SAGE LEGAL LLC, respectfully submits the below Memorandum of Law in support of Plaintiff's

Motion requesting leave to file his Complaint and proceed in litigation pseudonymously.

**A.    Facts Relevant to Plaintiff's Motion**

Plaintiff respectfully refers the Court to the complaint for the relevant facts.  See ECF

Docket Entry 1.

**B.    Legal Framework Governing Motions to Proceed Pseudonymously**

When determining whether a plaintiff should be permitted to proceed pseudonymously,

courts must balance the plaintiff's interest in anonymity against both the public interest in

disclosure and any prejudice to the defendant. See Sealed Plaintiff v. Sealed Defendant #1, 537

F.3d 185, 189 (2d Cir. 2008).

The Second Circuit has set forth the following non-exhaustive list of ten (10) factors to

consider in performing this balancing test:

"(1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature,;" (2) "whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties,;" (3) "whether identification presents other harms and the likely severity of those harms, including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity,;" (4) "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of [their] age;" (5) "whether the suit is challenging the actions of the government or that of private parties;" (6) "whether the defendant is prejudiced by allowing the plaintiff to press [their] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;" (7) "whether the plaintiff's identity has thus far been kept confidential;" (8) "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;" (9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities;" and (10) "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff."

Id. at 189-190 (internal citations omitted).

## C.    The Sealed Plaintiff Factors Support Plaintiff's Motion to Proceed Pseudonymously

The first Sealed Plaintiff factor weighs in favor of Plaintiff's position. This action involves the serious nature of discrimination Plaintiff faced as a result of his religion. "A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature … The risk that a plaintiff may suffer some embarrassment is not enough." See Doe v. NYSARC Tr. Serv., Inc., No. 1:20-CV-801 (BKS/CFH), 2020 WL 5757478, at *7 (N.D.N.Y. Sept. 28, 2020), report and recommendation adopted, 2020 WL 7040982 (N.D.N.Y. Dec. 1, 2020) (citing Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992)).

For example, courts have permitted pseudonymity in cases involving, inter alia, mental illness, homosexuality, and transsexuality, and other sensitive matters due to the social stigma associated with each. See Frank, 951 F.2d at 324.

2

Further, in <u>Doe v. Steggall</u>, the Court noted the fundamental privateness of religious beliefs, and acknowledged that this should have allowed Plaintiffs to proceed pseudonymously, given "the showing of possible threatened harm and serious social ostracization based upon militant religious attitudes[.]" <u>See</u> 653 F.2d 180, 186 (5th Cir. 1981).

Here, while Plaintiff's status as a Jewish individual is not inherently sensitive information, the facts of this case reveal evidence of the social stigma currently associated with membership in his faith. Unlike Doe's alcoholism in the <u>Frank</u> case, Plaintiff's Judaism has seen growing social stigma in recent times, and is thus sufficiently personal and sensitive warranting pseudonymity, as was held in <u>Stegall</u>.

Similarly, the second and third *Sealed Plaintiff* factors weigh in Plaintiff's favor. As acknowledged in <u>Frank</u>, "[a] plaintiff should be permitted to proceed anonymously only in those exceptional cases involving […] real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough." <u>See</u> <u>Doe v. Frank</u>, 951 F.2d 320, 324 (11th Cir. 1992). Further, "Plaintiff must offer the Court "more than just 'mere speculation'" to justify proceeding anonymously. <u>See</u> <u>Doe v. Skyline Automobiles Inc.</u>, 375 F. Supp. 3d 401, 405. Indeed, courts require "direct evidence linking disclosure of [plaintiff's] name to a specific ... injury." <u>See</u> <u>Doe v. Gong Xi Fa Cai, Inc.</u>, 2019 WL 3034793, at *2 (S.D.N.Y. July 10, 2019); <u>see</u> <u>also</u> <u>Doe v.</u> <u>Sumitomo Fin. & Leasing, Ltd.</u>, No. 25-CV-04549 (MKV), 2025 WL 2171702, at *3 (S.D.N.Y. July 31, 2025).

Here, the facts in Plaintiff's complaint present evidence that there is currently real danger of physical harm associated with Plaintiff's religious status, beyond mere embarrassment.

Further, this harm is not merely speculative, as Plaintiff has already presented allegations of direct physical harm against Plaintiff linked to his Judaism. Public disclosure of Plaintiff's association with the instant case could open him up to further acts of discrimination, retaliation, assault, and battery. As there indisputably exists a rising tidal wave of anti-Semitism, such hostility will be further stoked by disclosing publicly the identity of a member of the Jewish faith who seeks to combat same.

Contrastingly, the fourth <u>Sealed Plaintiff</u> factor admittedly does not relate to Plaintiff's case, as it is in relation to matters of discrimination a plaintiff faces in relation to his age, and the instant case deals with religion. Similarly unfavorable to the Plaintiff, the fifth <u>Sealed Plaintiff</u> factor can be interpreted as disfavoring pseudonymity in suits against private parties. "When a lawsuit challenges governmental actions, actors, or policies, the plaintiff has a strong interest in proceeding anonymously." <u>Id.</u> (citing <u>EW v. NY. Blood Ctr.</u>, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) and <u>Doe No. 2 v. Kolko</u>, 242 F.R.D. 193, 195 (E.D.N.Y. 2006)). This case, which is between private parties, admittedly does not bring about the considerations that would be applicable in a suit against government entities. <u>See</u> <u>Doe v. Smith</u>, No. 1:19-CIV.-1121 (GLS) (DJS), 2019 WL 6337305, at *2 (N.D.N.Y. Nov. 27, 2019); <u>see also</u> <u>Doe v. Salina</u>, No. 23-CV-3529 (JMW), 2024 WL 1259362, at *2 (E.D.N.Y. Mar. 25, 2024) ("a private party's interests would potentially be compromised by virtue of an anonymous filing").

Regardless, the absence of these factors do not present an absolute bar on Plaintiff's claims against Defendant, as Courts have held that not meeting the standard for this factor, as well as the previous fourth factor, does not result in an immediate denial of Plaintiff's motion to proceed under a pseudonym. <u>See</u> <u>Smith</u>, *supra* (granting plaintiff's motion where fourth and fifth factors weighed against plaintiff); <u>see also</u> <u>Doe v. Colgate Univ.</u>, No. 15-CIV.-1069, 2016 U.S. Dist. LEXIS 48787

4

(N.D.N.Y. Apr. 12, 2016) (granting plaintiff's motion without discussion of fourth, fifth or ninth factors); Doe v. AMDA, Inc., No. 16-cv-101, 2016 U.S. Dist. LEXIS 2300 1, at *3 (S.D.N.Y. Feb. 25, 2016).

Turning to the sixth Sealed Plaintiff factor, Defendants will not suffer any prejudice if Plaintiff is permitted to proceed under a pseudonym. Defendants are already aware of Plaintiff's true identity through prior correspondence between the parties. Thus, there is no prejudice to the Defendants. See Doe v. Nygard, No. 20-cv-6501, 2020 U.S. Dist. LEXIS 151186, at *7 (finding no prejudice where plaintiffs agreed to disclose identities to defendants); see also Doe No. 2. v. Kolko, 242 F.R.D. 193, at 198 (E.D.N.Y. 2006) (no prejudice to defendants where they already knew plaintiff's identity).

With respect to the seventh Sealed Plaintiff factor, Plaintiff's identity has remained confidential and has not been disclosed publicly. In prosecuting this action to date, only Defendants have been made aware of Plaintiff's true identity. Accordingly, this factor also weighs in favor of anonymity. See Doe v. Smith, 19-cv-1121, 2019 U.S. Dist. LEXIS 205707, at *2 (N.D.N.Y. Nov. 27, 2019) (finding continued maintenance of confidentiality to favor the use of a pseudonym).

Regarding the eighth Sealed Plaintiff factor, courts have traditionally held that the Plaintiff bears the burden of showing that his private interest in anonymity overcomes the public interest presumption of disclosure of his identity. See Doe v. Cornell Univ., No. 3:19-CIV.-1189 (MAD) (ML), 2021 WL 6128738, at *8 (N.D.N.Y. Jan. 28, 2021); see also A.B. v. Hofstra Univ., No. 2:17-CIV.-5562 (DRH) (AYS), 2018 WL 1935986, at *3 (E.D.N.Y. Apr. 24, 2018).

Here, the Plaintiff has shown that he has a strong private interest in anonymity to avoid further discrimination on the basis of his religion.

5

The public would benefit from the grant of this request, as it further protects the rights of all those who might face unlawful discrimination due, in whole or in part, to their religion.

In regard to the ninth <u>Sealed Plaintiff</u> factor, Plaintiff concedes that there is no particular legal issue in his claim that results in the public having a particularly weak interest in his identity. However, the courts have previously held that the ninth <u>Sealed Plaintiff</u> factor, much like the fourth and fifth, is not an absolute necessity to ensure the approval of a motion to proceed under a pseudonym. <u>See</u> <u>Colgate Univ.</u>, No. 15-CIV.-1069, 2016 U.S. Dist. LEXIS 48787 (N.D.N.Y. Apr. 12, 2016) (granting plaintiff's motion without discussion of fourth, fifth or ninth factors); <u>see</u> <u>also</u> <u>Doe v. AMDA, Inc.</u>, No. 16-CIV.-101, 2016 U.S. Dist. LEXIS 2300 1, at *3 (S.D.N.Y. Feb. 25, 2016).   Lastly, the tenth <u>Sealed Plaintiff</u> factor weighs in favor of anonymity as there are no alternative means of protecting Plaintiff's identity. <u>See</u> <u>Doe v. Smith</u>, No. 1:19-CIV.-1121 (GLS) (DJS), 2019 WL 6337305, at *2 (N.D.N.Y. Nov. 27, 2019).

Accordingly, the Court should grant Plaintiff's motion to proceed anonymously.

**D.**    <u>**Conclusion**</u>

For the reasons stated above, Plaintiff respectfully requests that the Court grant Plaintiff's motion for leave to proceed under a pseudonym.

Dated: Flushing, New York
      August 19, 2025                      Respectfully submitted,
                                      **SAGE LEGAL LLC**
                                      */s/ Emanuel Kataev, Esq.*
                                      Emanuel Kataev, Esq.
                                      18211 Jamaica Avenue
                                      Jamaica, NY 11423-2327
                                      (718) 412-2421 (office)
                                      (917) 807-7819 (cellular)
                                      (718) 489-4155 (facsimile)
                                      emanuel@sagelegal.nyc

                                      *Attorneys for Plaintiff*
                                      *John Doe*