UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
John Doe,

                    Plaintiff,

  -   against  -

Life Time, Inc. f/k/a Life Time Fitness, Inc. d/b/a
Life Time Fitness Club, LTF Club Management
Company, LLC d/b/a Life Time Fitness,
LTF Operation Holdings, Inc., LTF Club Operations
Company, Inc. d/b/a Life Time Fitness, Ahmed
Doe, and Jack Doe,

                  Defendants.
-------------------------------------------------------------------x

Case No:
2:25-cv-4100 (DLI) (ARL)

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION

TIMOTHY J. LAYER
AHMUTY DEMERS & McMANUS
Attorneys for Defendants
200 I.U. Willets Road
Albertson, New York 11507
(516) 294-5433
timothy.layer@admlaw.com

TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...................................................................................................1

POINT I

PLAINTIFF HAS NOT MET THE CRITERIA TO
PROCEED UNDER A PSEYDONYM ........................................................................................1

CONCLUSION ..............................................................................................................................4

i

## TABLE OF AUTHORITIES

Page

*Cf. Doe v. Daedone*,
2024 U.S. Dist. LEXIS 150750 (E.D.N.Y. 2024) ........................................................................3

*Doe v. Skyline Autos. Inc.*,
375 F. Supp. 3d 401 (S.D.N.Y. 2019) .....................................................................................2, 3

*Sealed Plaintiff v. Sealed Defendant #1*,
537 F.3d 185 (2nd Cir. 2008) .....................................................................................................1

*United States v. Pilcher*,
950 F.3d 39 (2d. Cir. 2020) ..........................................................................................................1

PRELIMINARY STATEMENT

The within Memorandum of Law in Opposition to Plaintiff's motion seeking leave from this Court to file his Complaint and proceed in this litigation pseudonymously.

As will be set forth below, this matter falls well below the standard established by pertinent precedent insofar as proceeding under a pseudonym – to wit, Plaintiff relies substantively and exclusively on conclusory assertions, notwithstanding that Plaintiff has already filed and served a Complaint under said pseudonym.

POINT I

PLAINTIFF HAS NOT MET THE CRITERIA TO PROCEED UNDER A PSEUDONYM

As set forth in Plaintiff's Memorandum of Law, the Second Circuit in *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185 (2nd Cir. 2008), set forth a non-exhaustive list of ten factors to consider when a Court is presented with an application by a party to proceed under a pseudonym.

In the interest of judicial economy, they will not be repeated herein, though it is respectfully submitted Plaintiff's matter falls well outside the scope of matters where parties are afforded the considerable protection of proceeding under a pseudonym.

At the outset, Plaintiff concedes that several factors weigh against the instant motion, in admitting that the Fourth, Fifth, and Ninth factors are not satisfied in this matter. Plaintiff relies exclusively on bare, vague assertions in an effort to meet the remaining factors.

In *United States v. Pilcher*, 950 F.3d 39 (2d. Cir. 2020), the Second Circuit reasoned that, "[P]seudonyms are the exception and not the rule, 'and a party seeking to 'receive the protections of anonymity . . . must make a case rebutting' the 'presumption of disclosure.' *Id*. at *7. The Second Circuit affirmed the decision of the District Court, reasoning that while there was social stigma

(not present in the instant matter) surrounding the plaintiff's child pornography conviction, the plaintiff relied entirely on unsubstantiated speculation concerning the plaintiff's claim that his family would be harmed if he were denied the right to proceed pseudonymously. *Id*. at *43.

Similarly, Plaintiff in the instant matter relies upon speculation as the fundamental, foundational element of Plaintiff's contention to proceed pseudonymously (*e.g.*, the "facts of the case reveal a social stigma currently associated with membership in his faith" as a Jewish man[1]). Plaintiff does not specifically reference any pertinent factual background to support this assertion.

Moreover, Plaintiff contends that there is "currently real danger of physical harm associated with Plaintiff's religious status"[2]; however, Plaintiff's papers on their face undermine this assertion of "real danger" by stating same is an "allegation" *(i.e.*, an unproven assertion). Plaintiff does not provide any evidentiary foundation, or even specific reference to allegations in Plaintiff's Complaint, to the "real danger" posed to Plaintiff in this matter.

In *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401 (S.D.N.Y. 2019), the plaintiff alleged assault and battery, aggravated sexual abuse, and gender motivated violence against the defendant. *Id*. at *404. The Southern District reasoned Plaintiff's claims as they relate to the second and third factor consist exclusively of conclusory statements and speculation, much like in the instant matter, as the plaintiff submitted no evidence of continued harm, nor any evidence of the severity or likelihood of retaliation or any physical or mental harm. *Id*. at *406. Plaintiff simply projected generalized harm, and more is required for her to satisfy her burden. *Id*. The Southern District continued, reasoning that by allowing the plaintiff to proceed anonymously, the defendants would be disadvantaged at all stages of litigation, including settlement, discovery, and trial – as in the

---

[1] *See* Plaintiff's Memorandum of Law at p.3.

[2] *See* Plaintiff's Memorandum of Law at p.3-4.

2

instant matter. *Id*. at *407. Notably, in that matter, "[i]t is clear from the moving papers that Defendants already know Plaintiff's identity", and therefore, the Southern District court determined that the seventh factor was unsatisfied. *Id*. at *408. It was similarly reasoned that the public interest in sexual assault and discrimination is very high, as is the public interest in discrimination against Jewish individual based on their faith in the instant matter. *Id*. at *408. Consequently, as in *Skyline Autos. Inc.*, *supra*, Plaintiff has failed to satisfy Plaintiff's burden, and the instant motion should be denied.

Furthermore, requiring specific address, though Plaintiff asserts that Lifetime will not be subject to any prejudice were the instant motion granted, such assertion is rendered null given that, were Plaintiff permitted to proceed pseudonymously, Lifetime would be hindered in determining whether there have been prior complaints made by or against Plaintiff relevant to the instant allegations.

In sum, the instant matter is not one of those exceptional cases where there is a real danger of physical harm, or where the injury litigated against would be incurred by operation of Plaintiff's identity being disclosed. *Cf. Doe v. Daedone*, 2024 U.S. Dist. LEXIS 150750 (E.D.N.Y. 2024)(reasoning that the plaintiffs' claims are highly sensitive and personal insofar as they allege that they are victims of sex trafficking, forced labor, and human trafficking, and ultimately determining that, pending the filing of a protective order, the plaintiffs may use pseudonyms for Doe Plaintiffs in the present case caption and in all public Court filings).

3

## CONCLUSION

Therefore, in consideration of the arguments herein, it is respectfully submitted that Plaintiff's motion to proceed pseudonymously be denied in its entirety.

Dated:  Albertson, New York
August 28, 2025

Respectfully submitted,

_____
TIMOTHY J. LAYER
AHMUTY DEMERS & McMANUS
Attorneys for Defendants
200 I.U. Willets Road
Albertson, New York 11507
(516) 294-5433
timothy.layer@admlaw.com

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing Memorandum of Law complies with the formatting rules set forth in the individual practice rules.

*Type.* A proportionally spaced typeface was used, as follows:

Name of typeface:	Times New Roman

Point Size:	12

Line Spacing:	Double

*Word Count.* The total number of words in this Memorandum of Law, inclusive of point headings and exclusive of pages containing the table of contents, table of authorities, proof of service, certificate of compliance, or any authorized addendum containing statutes, rules, regulations, etc., is 902 words.

Dated:  Albertson, New York
August 28, 2025

_____
TIMOTHY J. LAYER