**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK**
------------------------------X
John Doe,

                          Plaintiff,                    Case No:
                                                             2:25-cv-4100 (DLI) (ARL)

    - against -

Life Time, Inc. f/k/a Life Time Fitness, Inc. d/b/a Life Time Fitness Club, LTF Club Management Company, LLC d/b/a Life Time Fitness, LTF Operation Holdings, Inc., LTF Club Operations Company, Inc. d/b/a Life Time Fitness, Ahmed Doe, and Jack Doe,

                          Defendants.
------------------------------X

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION REQUESTING LEAVE FOR PLAINTIFF TO PROCEED <u>PSEUDONYMOUSLY</u>**

                                                           **SAGE LEGAL LLC**
                                                           Emanuel Kataev, Esq.
                                                           18211 Jamaica Avenue
                                                           Jamaica, NY 11423-2327
                                                          (718) 412-2421 (office)
                                                          (917) 807-7819 (cellular)
                                                          (718) 489-4155 (facsimile)
                                                          emanuel@sagelegal.nyc

                                                          *Attorneys for Plaintiff*
                                                          *John Doe*

## PRELIMINARY STATEMENT

The within reply memorandum of law is respectfully submitted in further support of Plaintiff's motion requesting leave from this Court to file his Complaint and proceed in this litigation pseudonymously.

As will be set forth below, and contrary to arguments raised in Defendants' memorandum of law in opposition, this matter falls well within the standard and established precedent for proceeding under a pseudonym. Defendants' arguments that Plaintiff's motion relies on conclusory and speculative assertions is ill-informed both of the record, and of current local and global events.

## ARGUMENT

Defendants incorrectly assert that Plaintiff fails to reference any pertinent factual background in support of this claim. This is plainly false. Plaintiff specifically alleged in its Complaint facts supporting their assertion that there is presently social stigma associated with Judaism. See ECF Docket Entry 1 at ¶ 31-65.[1] To the extent Defendants assert that there is no social stigma and current "real danger" posed to Jewish individuals, Plaintiff notes that this position contradicts judicially noticeable, well-documented facts. See, e.g., "The Rise of Antisemitism and Political Violence in the U.S.", *Time* (June 2, 2025);[2] see also "Mayor Adams Creates new Mayor's Office to Combat Antisemitism", *NYC.gov*, (May 13, 2025).[3]

---

[1] See Complaint ¶¶ 31-65.

[2] https://time.com/7287941/rise-of-antisemitism-political-violence-in-united-states/

[3] https://www.nyc.gov/mayors-office/news/2025/05/mayor-adams-creates-new-mayor-s-office-combat-antisemitism

Courts have acknowledged that such public reports may establish that certain information is widely known, regardless of the truth of the matter asserted (although there can be no dispute in this case that the reports are true). See Rule 201(b) of the Federal Rules of Evidence; see also Lee v. Springer Nature Am., Inc., 769 F. Supp. 3d 234, 247–48 (S.D.N.Y. 2025).

While the court in United States v. Pilcher, 950 F.3d 39 (2d. Cir. 2020) did not find that use of a pseudonym was necessary to prevent harm to Pilcher's family, the facts of this case warrant a different conclusion.

*First*, Defendants' assertion that Plaintiff's concerns regarding personal safety are equally speculative as those in Pilcher is blatantly incorrect, given the factual context of the record of this case and recent public reports of the rising tidal wave of anti-Semitism.

*Second*, Defendants imply that Plaintiff is concerned for the safety of his family as well. While this is not untrue, Plaintiff never actually made this argument. As such, Defendants' argument that Plaintiff is relying on unsubstantiated speculation with respect to the safety of his family is the legal equivalent of punching the air. All arguments Plaintiff made in favor of pseudonymity were about his personal safety and dignity, and accordingly, all his concerns have been proven by accepting the allegations in his complaint as true. Moreover, Defendants' analogy between Plaintiff's Judaism, and Pilcher's status as a registered sex offender for possession of child pornography, is a grossly inapt and illogical comparison.

Similarly, unlike the plaintiff in Doe v. Skyline Autos. Inc., 375 F. Supp. 3d 401 (S.D.N.Y. 2019), Plaintiff's claims pertaining to the second and third factors of Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 189 (2d Cir. 2008) – "(2) 'whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties,;' [and] (3) 'whether identification presents other harms

and the likely severity of those harms, including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;'" – are fully supported by the record of this case as well as adjudicative facts. See ECF Docket Entry 1 at ¶¶ 31-65. These facts evidence both severity of harm and likelihood of retaliation. Id; see also "Israeli Embassy Staffers Killed in Shooting Outside Jewish Museum in Washington", *The Wall Street Journal* (May 22, 2025);[4] see also "Parents allege antisemitic bullying, retaliation at Virginia private school", *The Washington Post* (July 10, 2025).[5] In demonstrating more than generalized harm, Plaintiff has satisfied his burden as discussed in Doe.

Defendants' argument regarding the seventh factor – (7) "whether the plaintiff's identity has thus far been kept confidential[]" – is misplaced, as his identity has been kept confidential to the world at large, notwithstanding the fact Defendants are aware of his identity. Id. Accordingly, Defendants would not be disadvantaged by Plaintiff's proceeding under a pseudonym, because they know his identity. As such, Defendants are not prejudiced by this motion.

Moreover and contrary to Defendants' point, the instant matter is "one of those exceptional cases where there is a real danger of physical harm, or where the injury litigated against would be incurred by operation of Plaintiff's identity being disclosed."[6] While Plaintiff has not been a victim of sex trafficking, forced labor, or human trafficking like the plaintiffs in Doe v. Daedone, No. 24-CV-4434, 2024 WL 3897078, at *4 (E.D.N.Y. Aug. 22, 2024), Plaintiff was subject to discrimination in a place of public accommodation, where he was subject to assault, battery, and

---

[4] https://www.wsj.com/us-news/two-israeli-embassy-staffers-killed-in-shooting-near-jewish-museum-in-washington-3154646f

[5] https://www.washingtonpost.com/dc-md-va/2025/07/10/nysmith-school-antisemitism-lawsuit/

[6] Id. at p.3.

4

retaliation. See ECF Docket Entry 1 at ¶¶ 40, 42, 57-65, 87-93. Plaintiff respectfully reminds the Court that anonymity is favored in cases involving allegations of sexual assault ("Allegations of sexual assault are 'paradigmatic example[s]' of highly sensitive and personal claims and thus favor a plaintiff's use of a pseudonym"; "[C]ourts have granted anonymity to protect against disclosure of a wide range of issues involving matters of the utmost intimacy, including sexual assault." Doe at *4-5, quoting Rapp v. Fowler, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021) and Grottano v. The City of New York, No. 15-CV-9242 (RMB) (KNF), 2016 WL 2604803, at *2 (S.D.N.Y. Mar. 30, 2016). While Plaintiff does not claim sexual assault, he respectfully submits to the Court that he was physically assaulted at Life Time "while attempting to use the shower before closing time while Plaintiff was naked with only a towel nearby." See ECF Docket Entry 1, ¶ 40. As a result, Plaintiff has been "traumatized by [his] experiences" at Life Time, and "this trauma will be exacerbated by the public disclosure of [his] identit[y]." See Doe v. Daedone at 4.

Finally, Plaintiff would like to note the pettiness of Defendants' argument that Plaintiff undermines their argument by incorrectly referring to an "assertion" as "allegation", which implies a lack of evidentiary foundation in the eyes of Defendants.[7] This is a mere semantic quibble that fails to advance the substantive issues before the Court.

Federal courts have repeatedly cautioned against elevating form over substance—particularly in matters involving claims of discrimination, where the focus should remain on the merits. See Emanuel v. Gap, Inc., No. 19-CV-03617 (PMH), 2022 WL 3084317, at *3 (S.D.N.Y. Aug. 3, 2022) ("it would take less time to try this case from start to finish in front of a jury than it would to have the Court rule on 73 pages of evidentiary disputes"). See also Offor v. Equal Emp. Opportunity Comm'n, No. 15CV3175ADSARL, 2016 WL 3747593, at *2 (E.D.N.Y. July 11,

---

[7] See Defendants' Memorandum of Law at p.2.

2016), aff'd sub nom. Offor v. United States Equal Emp. Opportunity Comm'n, 687 Fed. Appx. 13 (2d Cir. 2017)), which expressed disdain for gamesman-like abuses of motion practice (where Plaintiffs' counsel manipulated formatting requirements to abuse the page limit, "'Such amateurish tricks are inappropriate for college term papers; they certainly have no place in federal court.' (emphasis added)" (quoting P.G. ex rel. D.G. v. City Sch. Dist. of New York, No. 14 CIV. 1207 (KPF), 2015 WL 787008, at *1 (S.D.N.Y. Feb. 25, 2015)).

Courts have noted that the inclusion of unnecessary details is effectively a diversionary tactic, obscuring the facts that matter. See Jiggetts v. D.C., 319 F.R.D. 408, 415 (D.D.C. 2017), aff'd sub nom. Cooper v. D.C., No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) ("excessive detail is mere '[s]urplusage [that] can and should be ignored[,]' United States ex rel. Garst v. Lockheed–Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003.)[…] excessive averments regarding extraneous facts 'make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter'"). Similarly here, Defendants' extraneous argument regarding Plaintiff's word choice can be disregarded as mere surplusage.

Considering that Defendants are so concerned with "judicial economy" that they cannot be bothered to state the legal standard at issue, the inclusion of their semantics argument, instead, highlights the misplaced priorities reflected in their Opposition. If Defendants wish to emphasize formal precision, Plaintiff respectfully notes that Defendants' own Memorandum consolidates multiple arguments under a single point heading. In doing so, Defendants' "papers on their face undermine" any analysis of more than one point within their argument.[8]

---

[8] Id.

6

## **CONCLUSION**

Therefore, in consideration of the arguments herein, it is respectfully submitted that the Court grant Plaintiff's motion for leave to proceed under a pseudonym.

Dated: Jamaica, New York
       September 12, 2025                        Respectfully submitted,

                                                       **SAGE LEGAL LLC**

                                                        */s/ Emanuel Kataev, Esq.*
                                                      Emanuel Kataev, Esq.
                                                      18211 Jamaica Avenue
                                                      Jamaica, NY 11423-2327
                                                      (718) 412-2421 (office)
                                                      (917) 807-7819 (cellular)
                                                      (718) 489-4155 (facsimile)
                                                      emanuel@sagelegal.nyc

                                                      *Attorneys for Plaintiff*
                                                      *John Doe*

**VIA ECF**
All counsel of record