UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
------------------------------X
John Doe,

                Plaintiff,

                Case No:
                2:25-cv-4100 (DLI) (ARL)

     - against -

Life Time, Inc. f/k/a Life Time Fitness, Inc. d/b/a Life Time Fitness Club, LTF Club Management Company, LLC d/b/a Life Time Fitness, LTF Operation Holdings, Inc., LTF Club Operations Company, Inc. d/b/a Life Time Fitness, Ahmed Doe, and Jack Doe,

**JOINT DISCOVERY PLAN**

                Defendants.
------------------------------X

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), the parties met-and-conferred virtually on Monday, November 17, 2025. The conference was attended by Emanuel Kataev, Esq., of Sage Legal LLC, counsel for the Plaintiff and, Janice Berkowitz, Esq., of Ahmuty, Demers & McManus, counsel for the Defendants.

Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1. **INITIAL DISCLOSURES**

Have the parties agreed to make initial disclosures?

  __X__ Yes                No

The proceeding is exempt under Rule 26(a)(1)(B).

If yes, such initial disclosures shall be made by: December 22, 2025

VENUE AND JURISDICTION

    a. What is the claimed basis of federal jurisdiction?

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, because it presents a federal question as it arises under Title II and Section 1981.

This court has supplemental jurisdiction over plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a) because the state law claims arise under a common nucleus of operative facts in that they stem from Plaintiff's discriminatory treatment and lifetime ban, just like his federal claims.

    b.  If the alleged subject matter jurisdiction is based upon diversity of citizenship each party shall identify its citizenship and domicile at the time the matter was filed in or removed to federal court, and its current citizenship and domicile.

    c.  Are there any contested issues related to venue or jurisdiction?

        Yes      __X__ No

If yes, describe the issue:

If yes, the parties agree that any motion related to venue or jurisdiction shall be filed by __N/A__

**2. PARTIES AND PLEADINGS**

a. The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by December 31, 2025. After this date, no further amendments will be permitted absent good cause pursuant to Rule 16.

b. If the case is a class action, the parties agree that the motion for class certification shall be filed by N/A.

**3. MOTIONS**

Are there any pending motion(s)? ____X____ Yes _____ No

If yes, indicate which party filed the motion(s), and identify the motion(s) by name and docket number: Plaintiff's motion to proceed anonymously.

4. **ISSUES**

Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand (an attachment may be provided to complete this section):

Plaintiff's position:

Plaintiff will supplement once we receive Defendants' revisions.

Defendants' position:

That any and all actions taken by the defendants that allegedly affected plaintiff were taken in good faith and were justified and that the defendants acted without any discriminatory intent.

5. **DISCOVERY PROCEDURES**

a. The parties agree that all discovery, inclusive of expert discovery, shall be completed by May 15, 2026. The parties agree to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period, allowing for a timely response. If, after having met and conferred, the parties are unable to reach an agreement on any matter related to discovery, they may seek the Court's assistance by letter motion pursuant to Local Rule 37.3 and in accordance with Judge Lindsay's Individual Rules.

b. Do the parties anticipate the production of ESI? _____Yes ___X___No
If yes, describe the protocol for such production:

N/A, although the parties will meet-and-confer if developments arise with ESI.

    c. Do the parties intend to seek a confidentiality order? Yes.

If yes, such order or agreement shall be filed with the Court by December 22, 2025.

**6. EXPERT TESTIMONY**

a. Primary expert reports must be produced by \_\_\_N/A_____ .

b. Rebuttal expert reports must be produced by \_\_\_N/A_____ .

    The schedule for expert discovery must be set in such a way to be completed before the discovery end date set for in paragraph 6(a). Absent a court order, this includes the time needed to complete expert depositions. Because it is too early to determine whether there is a need for any expert testimony, the parties each reserve the right to identify an expert in accordance with the Rules and make any necessary application to the Court concerning the discovery schedule.

**7. DISPOSITIVE MOTIONS**

    Any party planning on making a dispositive motion must take the first step in the motion process by June 15, 2026. It is expected that dispositive motion practice will commence approximately two (2) weeks following the close of discovery.

**8. SETTLEMENT**

    Settlement discussions have \_X\_\_ / have not \_\_\_ taken place.

    Counsel for the parties have discussed an informal exchange of information in aid of early settlement in this case and have agreed upon the following: Plaintiff shall submit settlement proposal to defendants by December 15, 2025.

No later than one (1) week after the close of discovery, counsel for all parties must meet to discuss settlement and file a joint letter updating the Court on the status of the case, including but not limited to confirming that the settlement discussion occurred.

The parties agree to make a good faith effort to settle this case. The parties understand that this case may be referred to an attorney mediator for a settlement conference. The use of any alternative dispute resolution mechanism does not stay or modify any date set forth in the scheduling Order.

In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference.

9. **RULE 16 PRETRIAL CONFERENCE**

    Upon receipt of this Form the court will schedule a Rule 16 conference by telephone.

10. **CONSENT TO MAGISTRATE JUDGE**

    Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)

    _____Yes ___X___No

11. **OTHER MATTERS**

Indicate any other matters for the Court's consideration:

12. Once approved, any request for modification of this scheduling Order must be in writing, and submitted in accordance with the undersigned's Individual Rule 1(D) which requires that applications be made at least forty-eight (48) hours before the scheduled appearance or deadline. All parties are advised that they are under a continuing obligation to keep the Court apprised of any changes in their contact information including, but not limited to, their addresses. Failure to do so could lead to the entry of a dismissal or default.

13. **ELECTRONIC SERVICE:**

    The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record).

5

The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| **Party** | **Email Service Address(es)** |
| --- | --- |
| Plaintiff John Doe | Emanuel Kataev (emanuel@sagelegal.nyc) <br> Mia Kristensen (mkristensen@sagelegal.nyc) |
| Defendants Life Time, Inc. f/k/a Life Time Fitness, Inc. i/s/h/A LIFE TIME, INC. f/k/a Life Time Fitness, Inc. d/b/a Life Time Fitness Club, LTF Club Management Company, LLC i/s/h/a LTF Club Management Company, LLC d/b/a Life Time Fitness, LTF Operations Holdings, Inc. i/s/h/a LTF Operation Holdings, Inc., LTF Club Operations Company, Inc. i/s/h/a LTF Club Operations Company, Inc. d/b/a Life Time Fitness | Janice Berkowitz (janice.berkowitz@admlaw.com) |

Dated: Jamaica, New York
November 17, 2025

    Respectfully submitted,
    **SAGE LEGAL LLC**
    __/s/ Emanuel Kataev, Esq.__
    Emanuel Kataev, Esq.
    18211 Jamaica Avenue
    Jamaica, NY 11423-2327
    (718) 412-2421 (office)
    (917) 807-7819 (cellular)
    (718) 489-4155 (facsimile)
    emanuel@sagelegal.nyc

    *Attorneys for Plaintiff*
    *John Doe*

    */s/ Janice Berkowitz, Esq.*
    Janice Berkowitz, Esq.
    AHMUTY, DEMERS & McMANUS
    *Attorneys for Defendants*

*Life Time, Inc. f/k/a Life Time Fitness, Inc. i/s/h/A LIFE TIME, INC. f/k/a Life Time Fitness, Inc. d/b/a Life Time Fitness Club, LTF Club Management Company, LLC i/s/h/a LTF Club Management Company, LLC d/b/a Life Time Fitness, LTF Operations Holdings, Inc. i/s/h/a LTF Operation Holdings, Inc., LTF Club Operations Company, Inc. i/s/h/a LTF Club Operations Company, Inc. d/b/a Life Time Fitness*
200 I.U. Willets Road
Albertson, NY 11507
Tel: (516) 294-5433