**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------X
John Doe,

                Plaintiff,

                Case No:
                2:25-cv-4100 (DLI) (ARL)

    - against -

Life Time, Inc. f/k/a Life Time Fitness, Inc. d/b/a Life Time Fitness Club, LTF Club Management Company, LLC d/b/a Life Time Fitness, LTF Operation Holdings, Inc., LTF Club Operations Company, Inc. d/b/a Life Time Fitness, Ahmed Doe, and Jack Doe,

                **JOINT DISCOVERY PLAN**

                Defendants.
-----------------------------X

      Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), the parties met-and-conferred virtually on Monday, November 17, 2025. The conference was attended by Emanuel Kataev, Esq., of Sage Legal LLC, counsel for the Plaintiff and, Janice Berkowitz, Esq., of Ahmuty, Demers & McManus, counsel for the Defendants.

      Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1. **INITIAL DISCLOSURES**

Have the parties agreed to make initial disclosures?

   __X__ Yes            No

The proceeding is exempt under Rule 26(a)(1)(B).

If yes, such initial disclosures shall be made by: December 22, 2025 – already completed

VENUE AND JURISDICTION

    a. What is the claimed basis of federal jurisdiction?

      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, because it presents a federal question as it arises under Title II and Section 1981.

This court has supplemental jurisdiction over plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a) because the state law claims arise under a common nucleus of operative facts in that they stem from Plaintiff's discriminatory treatment and lifetime ban, just like his federal claims.

    b.  If the alleged subject matter jurisdiction is based upon diversity of citizenship each party shall identify its citizenship and domicile at the time the matter was filed in or removed to federal court, and its current citizenship and domicile.

    c.  Are there any contested issues related to venue or jurisdiction?

        Yes      __X__No

If yes, describe the issue: N/A

If yes, the parties agree that any motion related to venue or jurisdiction shall be filed by __N/A_____

**2. PARTIES AND PLEADINGS**

a. The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by March 31, 2026. After this date, no further amendments will be permitted absent good cause pursuant to Rule 16.

b. If the case is a class action, the parties agree that the motion for class certification shall be filed by N/A.

**3. MOTIONS**

Are there any pending motion(s)? _____X_____ Yes _____No

If yes, indicate which party filed the motion(s), and identify the motion(s) by name and docket number: Plaintiff's motion to proceed anonymously.

**4. ISSUES**

Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand (an attachment may be provided to complete this section):

Plaintiff's position:

Plaintiff brings this action against Defendants for: (i) violations of 42 U.S.C § 1981 ("Section 1981"); (ii) discrimination and retaliation based on religion in violation of Title II of the Civil Rights Act of 1964 ("Title II") (42 U.S.C. § 2000e) and the New York State Human Rights Law ("NYSHRL") (New York Executive Law § 296); (iii) the New York State Constitution for violations of his civil rights; (iv) assault and battery; (v) negligent supervision; and (vi) negligent hiring and retention. Plaintiff respectfully seeks injunctive relief under Title II, monetary damages under the NYSHRL, and all available relief and damages for his Section 1981 and New York Constitution claims against the Defendants for their intentional acts of discrimination based on religion in treating Plaintiff differently concerning the terms, conditions, and privileges of his gym membership with the Corporate Defendants as well as in ultimately terminating his membership and banning him for life from the Corporate Defendants' facilities, all on account of his religion. Specifically, and for example, Defendant Ahmed selectively enforces LifeTime's policies based on a guest's religion by enforcing the rule prohibiting guests of members of the Jewish faith after 8:00 PM on weekends, but relaxing those rules for guests of members of the Muslim faith. Plaintiff respectfully demands a trial by jury.

Defendants' position:

The defendants have raised the following defenses in their answer; (1) that the personal injuries and/or damages alleged to have been sustained by the plaintiff were caused entirely or in part through the culpable conduct of the plaintiff, without any negligence on the part of the

3

answering defendants and the answering defendants seek a dismissal or reduction in any recovery that may be had by the plaintiff in the proportion which the culpable conduct, attributable to the plaintiff, bears to the entire measure of responsibility for the occurrence; (2) that any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules; (3) that the plaintiff fails to state a claim, in whole or in part, upon which relief may be granted; (4) that at all times mentioned the answering defendants have acted in good faith and without any discriminatory intent; (5) that the plaintiff has failed to properly state a claim for punitive damages; (6) that the plaintiff's claims, in whole or in part, should be dismissed based upon the applicable statute of limitations; (7) that the plaintiff's claims should be dismissed, in whole or in part, because any alleged adverse actions by the responding defendants, were based upon legitimate, non-discriminatory reasons; (8) that the plaintiff's claims should be dismissed, in whole or in part, because he is estopped as to such claims by his own actions; (9) that any and all actions taken by the responding defendants that allegedly affected plaintiff were taken in good faith and were justified and (10) that the plaintiff failed to mitigate or otherwise act to lessen or reduce the injuries and damages alleged in the complaint.

5. **DISCOVERY PROCEDURES**

a. The parties agree that all discovery, inclusive of expert discovery, shall be completed by May 15, 2026. The parties agree to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period, allowing for a timely response. If, after having met and

conferred, the parties are unable to reach an agreement on any matter related to discovery, they may seek the Court's assistance by letter motion pursuant to Local Rule 37.3 and in accordance with Judge Lindsay's Individual Rules.

      b. Do the parties anticipate the production of ESI? _____Yes \_\_\_\_X\_\_\_\_No

If yes, describe the protocol for such production:

      N/A, although the parties will meet-and-confer if developments arise with ESI.

      c. Do the parties intend to seek a confidentiality order? Yes.

If yes, such order or agreement shall be filed with the Court by December 22, 2025.

## 6. EXPERT TESTIMONY

a. Primary expert reports must be produced by \_\_\_N/A_____.

b. Rebuttal expert reports must be produced by \_\_\_\_N/A _____.

      The schedule for expert discovery must be set in such a way to be completed before the discovery end date set for in paragraph 6(a). Absent a court order, this includes the time needed to complete expert depositions. Because it is too early to determine whether there is a need for any expert testimony, the parties each reserve the right to identify an expert in accordance with the Rules and make any necessary application to the Court concerning the discovery schedule.

## 7. DISPOSITIVE MOTIONS

      Any party planning on making a dispositive motion must take the first step in the motion process by June 15, 2026. It is expected that dispositive motion practice will commence approximately two (2) weeks following the close of discovery.

## 8. SETTLEMENT

Settlement discussions have  X   / have not ___ taken place.  Plaintiff has made a formal settlement demand.  Defendants have not yet responded to plaintiff's demand.

Counsel for the parties have discussed an informal exchange of information in aid of early settlement in this case and have agreed upon the following:  Plaintiff shall submit settlement proposal to defendants by December 15, 2025, which was completed.  Defendants to respond by Friday, February 13, 2026.

No later than one (1) week after the close of discovery, counsel for all parties must meet to discuss settlement and file a joint letter updating the Court on the status of the case, including but not limited to confirming that the settlement discussion occurred.

The parties agree to make a good faith effort to settle this case. The parties understand that this case may be referred to an attorney mediator for a settlement conference. The use of any alternative dispute resolution mechanism does not stay or modify any date set forth in the scheduling Order.

In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference.

**9. RULE 16 PRETRIAL CONFERENCE**

Upon receipt of this Form the court will schedule a Rule 16 conference by telephone.

**10. CONSENT TO MAGISTRATE JUDGE**

Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)

_____Yes ___X____No

**11. OTHER MATTERS**

Indicate any other matters for the Court's consideration:

12. Once approved, any request for modification of this scheduling Order must be in writing, and submitted in accordance with the undersigned's Individual Rule 1(D) which requires that applications be made at least forty-eight (48) hours before the scheduled appearance or deadline. All parties are advised that they are under a continuing obligation to keep the Court apprised of any changes in their contact information including, but not limited to, their addresses. Failure to do so could lead to the entry of a dismissal or default.

13. **ELECTRONIC SERVICE:**

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| **Party** | **Email Service Address(es)** |
|---|---|
| Plaintiff John Doe | Emanuel Kataev (emanuel@sagelegal.nyc) <br> Mia Kristensen (mkristensen@sagelegal.nyc) |
| Defendants Life Time, Inc. f/k/a Life Time Fitness, Inc. i/s/h/A LIFE TIME, INC. f/k/a Life Time Fitness, Inc. d/b/a Life Time Fitness Club, LTF Club Management Company, LLC i/s/h/a LTF Club Management Company, LLC d/b/a Life Time Fitness, LTF Operations Holdings, Inc. i/s/h/a LTF Operation Holdings, Inc., LTF Club Operations Company, Inc. i/s/h/a LTF Club Operations Company, Inc. d/b/a Life Time Fitness | Janice Berkowitz (janice.berkowitz@admlaw.com) |

7

Dated: Jamaica, New York
      February 9, 2026

Respectfully submitted,
**SAGE LEGAL LLC**
  */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*John Doe*

*/s/ Janice Berkowitz, Esq.*
Janice Berkowitz, Esq.
AHMUTY, DEMERS & McMANUS
200 I.U. Willets Road
Albertson, NY 11507
Tel: (516) 294-5433

*Attorneys for Defendants*
*Life Time, Inc. f/k/a Life Time Fitness, Inc. i/s/h/A LIFE TIME, INC. f/k/a Life Time Fitness, Inc. d/b/a Life Time Fitness Club, LTF Club Management Company, LLC i/s/h/a LTF Club Management Company, LLC d/b/a Life Time Fitness, LTF Operations Holdings, Inc. i/s/h/a LTF Operation Holdings, Inc., LTF Club Operations Company, Inc. i/s/h/a LTF Club Operations Company, Inc. d/b/a Life Time Fitness*