UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JOHN DOE,                                            :
                                                     :
                                        Plaintiff,   :          **MEMORANDUM & ORDER**
                                                     :          25-cv-4100 (DLI)(ARL)
                       -against-                      :
                                                     :
LIFE TIME, INC. F/K/A LIFE TIME FITNESS,             :
INC. D/B/A LIFE TIME FITNESS CLUB, LTF               :
CLUB MANAGEMENT COMPANY, LLC D/B/A                   :
LIFE TIME FITNESS, LTF OPERATION                     :
HOLDINGS, INC., LTF CLUB OPERATIONS                  :
COMPANY, INC. D/B/A LIFE TIME FITNESS,               :
AHMED DOE, and JACK DOE,                             :
                                                     :
                                        Defendants.  :
-------------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

Plaintiff filed a motion to proceed under a pseudonym following this Court's issuance of an order to show cause as to why this case should proceed anonymously. *See*, ECF Order to Show Case issued July 30, 2025; Mot. to Proceed under Pseudonym, Dkt. Entry Nos. 6, 7 (collectively, the "Motion"). Defendants opposed the Motion. *See*, Mem. in Opposition, Dkt. Entry No. 8 ("Opp'n"). Plaintiff replied. *See*, Reply, Dkt. Entry No. 13. For the following reasons, the Motion is denied.

## BACKGROUND

This is a Title II of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a *et seq*., action in which Plaintiff alleges he was discriminated against on the basis of his Jewish faith. *See generally*, Compl., Dkt. Entry No. 1 ("Compl."). In addition to his Title II claim, Plaintiff raises five state law claims. *Id*. The Complaint alleges that Plaintiff attended Life Time Fitness from 2018 to 2024, and in 2023 his local gym hired Defendant Ahmed to "man the front desk in the evenings." *Id*. ¶¶ 26–28.

Ahmed is alleged to be a member of the Muslim faith who "flaunts his religion" *Id*. ¶ 30. The Complaint alleges that, as an employee, Ahmed discriminated against Jewish members, such as Plaintiff, by prohibiting Plaintiff from entering the gym after 8:00 PM on weekends, while allowing members of the Muslim faith to enter. *Id*. ¶ 32. Plaintiff recounts a specific encounter on October 26, 2024, in which Plaintiff arrived with a guest wearing a yarmulke (a small round head covering worn by male practitioners of the Orthodox Jewish faith) and requested late entry. *Id*. ¶ 33. Ahmed is alleged to have denied entry and then admitted to selectively enforcing policies when pressed by Plaintiff. *Id*. ¶ 36. The situation escalated and Plaintiff's membership to the gym was suspended. *Id*. ¶ 37. Plaintiff alleges that his membership was reinstated the next day; however, on December 14, 2024, three Life Time employees, including Ahmed, assaulted him in the gym locker room. *Id*. ¶¶ 39–43.

Plaintiff attests that he raised Ahmed's discriminatory actions to his gym's general manager, but nothing was ever done. *Id*. ¶¶ 53–58. After lodging a number of complaints, Plaintiff alleges that the general manager banned him from the gym. *Id*. ¶ 59. Plaintiff further alleges he never was given a reason from Life Time as to why he was banned. *Id*. ¶ 65.

Of relevance to this motion, on July 25, 2025, Plaintiff filed the Complaint under the pseudonym "John Doe." On July 30, 2025, the Court issued an order to show cause as to why this action should proceed anonymously because Plaintiff had neither sought nor been granted leave to proceed under a pseudonym. *See*, ECF Show Cause Order dated July 30, 2025. In response to the Show Cause Order, Plaintiff filed the instant motion.

## DISCUSSION

Fed. R. Civ. P. 10(a) provides that the "title of [a] complaint must name all the parties." This requirement serves "the vital purpose of facilitating public scrutiny of judicial proceedings and . . . cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188–

89 (2d Cir. 2008). However, a district court has discretion in determining whether a plaintiff has overcome the presumption of public disclosure sufficiently and may proceed in a case pseudonymously. *Id.* (holding that a district court's decision whether to grant or deny an application to proceed anonymously is reviewed for abuse of discretion). The Second Circuit has delineated a non-exhaustive list of ten factors a court should consider when exercising its discretion as set forth below:

> (1) [W]hether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 189–90 (internal quotation marks and citations omitted).

After carefully weighing these factors and as elaborated below, this Court concludes that factors one through five, and eight through ten weigh against Plaintiff, and only factors six and seven weigh in his favor.

The Court reiterates that "[t]he people have a right to know who is using their courts." *Id.* at 189 (citing *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). The circuit has cautioned that there are "a limited number of exceptions" to the general rule, which includes the privacy of minors. *Id.* (citing *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001)). With these tenets in mind, factors eight and nine immediately weigh

3

against Plaintiff. He does not fall into one of the previously recognized exceptions and the public's interest in the litigation is furthered by identification because the public has a presumptive "right to know who is using their courts." *Id*.

Factors two and three also weigh against Plaintiff. Each of those factors are "harm" focused and ask courts to consider whether disclosure of a plaintiff's identity would subject them, or non-parties, to possible harm. *Id*. Speculative or "generalized harm" is not sufficient to establish a likelihood of harm following identification. *See, Doe v. Skyline Autos. Inc.*, 375 F. Supp.3d 401, 406 (S.D.N.Y. 2019). Here, Plaintiff argues that he is in "real danger" of physical harm and that the harm is not speculative because he previously was assaulted by Ahmed and that the rising wave of antisemitism across the nation subjects him to harm upon being identified as a member of the Jewish faith. Motion at 3–4. Plaintiff's argument is unavailing because his basis for "likely" harm is entirely speculative. Whether Plaintiff was assaulted by Ahmed at the gym in the past does not establish that it will occur again, especially considering that Plaintiff was banned from returning to the gym. Notably, the Complaint is devoid of allegations suggesting that he will be unduly targeted at large because of his Jewish Faith. *See, Does v. Suffolk Cnty.*, 2022 WL 2678876, at *3 (2d Cir. July 12, 2022) (holding that the district court did not abuse its discretion when it rejected plaintiffs' request to proceed anonymously because plaintiffs had no factual allegations suggesting a likelihood of harm, and the defendant already knew their identities).

The first factor asks whether "the litigation involves matters that are highly sensitive and of a personal nature." *Sealed Plaintiff*, 537 F.3d at 190. Courts have found birth control, abortion, homosexuality, welfare rights of illegitimate children, abandoned families, and sexual assault and harassment to be highly sensitive matters. *See, Skyline Autos. Inc.*, 375 F. Supp.3d at 405 (citing *North Jersey Media group, Inc. v. Doe*, 2012 WL 5899331, at *14–15 (S.D.N.Y. November 26, 2012)). While conceding that his "status as a Jewish individual is not inherently sensitive

4

information," nonetheless, Plaintiff contends that this action involves highly sensitive matters because of the social stigma attendant to his private Jewish beliefs.  Motion at 3.  Plaintiff relies on the Fifth Circuit's opinion in *Doe v. Steggall*, which involved religious freedom pursuant to the First Amendment.  653 F.2d 180 (5th Cir. 1981).  However, *Steggal* is distinguishable from the instant action for three reasons: (1) *Steggal* involved children; (2) *Steggal* was brought against the county government; and (3) the plaintiffs in *Steggal* had evidence indicating a likelihood of "extensive harassment" from the county community.  *Id*. at 186.  Plaintiff's reliance on the rise of antisemitism here amounts to nothing more than speculation.  Significantly, he does not distinguish the unique characteristics of his case that mandate departure from the preference for public disclosure as in the litany of other religion-based cases on this issue.  Therefore, factor one also weighs against Plaintiff.

The tenth factor also weighs against Plaintiff because there are multiple ways to protect the privacy of plaintiffs including: redacting and sealing documents, issuing a protective order, or entering into a confidentiality agreement.  *See, Skyline Autos. Inc.*, 375 F. Supp.3d at 408 (internal citations omitted).  Plaintiff fails to address any additional ways in which to protect his privacy. He merely asserts a legal conclusion that factor ten weighs in his favor, which is insufficient to overcome the presumption in favor of public disclosure.

Plaintiff concedes that factors four and five weigh against him.  *See*, Motion at 4.  Plaintiff is not particularly vulnerable to retaliatory harms due to his age, and his case is not challenging government actions.  *Id*.

Only the sixth and seventh factors weigh in Plaintiff's favor.  Defendants are not prejudiced by having to defend themselves publicly while Plaintiff makes his accusation behind a cloak of anonymity because Defendants already know Plaintiff's identity.  Motion at 5. Accordingly, Defendants' contention that they would be "hindered" in determining whether

Plaintiff has made prior complaints is meritless.  As to factor seven, Plaintiff, thus far, has litigated this case anonymously and there is no evidence presented that his identity was made public in an earlier proceeding.  *Id.* at 407 (identifying cases holding that previously disclosing one's identity in a public judicial or administrative proceeding warrants denying a request to remain anonymous).  However, as the majority of non-exhaustive factors weigh in favor of the presumption of public disclosure, Plaintiff's motion to proceed pseudonymously is denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to proceed under a pseudonym is denied.  Plaintiff shall file an amended complaint identifying his true legal name BY NO LATER THAN April 21, 2026.  Plaintiff is not granted leave to make any substantive changes in his forthcoming amended complaint, without first seeking leave of the Court as required by the Federal Rules of Civil Procedure.  This matter is referred to the magistrate judge for further pretrial proceedings, including discovery and settlement discussions.

SO ORDERED.

Dated: Brooklyn, New York
      March 31, 2026

/s/
DORA L.  IRIZARRY
United States District Judge

6